# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| CARLOS TABERA GONZALEZ,    ) | |
|                            ) | |
|     Petitioner,            ) | |
|                            ) | |
| v.                         ) | Case No.: 4:14 -CV-8028-VEH |
|                            ) | (4:11-CR-470-VEH-HGD-8) |
| UNITED STATES OF           ) | |
| AMERICA,                   ) | |
|                            ) | |
|     Respondent.            ) | |

## MEMORANDUM OPINION

This matter comes before the court on Petitioner's pro se "Petition for Habeas Corpus under 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct a Sentence" the "Petition'), filed on May 28, 2014.[1] (Doc. 1). The Government responded on June 23, 2014. (Response, doc. 3). The Petitioner replied on August 1, 2014. (Reply, doc. 5). Accordingly, the Petition is under submission.

### I. FACTUAL AND PROCEDURAL HISTORY

The Government filed an indictment against the Petitioner on December 29, 2011. (Doc. 1 at 2; doc. 3 at 1) After the Petitioner's arrest, Donald L. Colee was

---

[1] The Petition was received by the court on June 2, 2014. However, because the Petitioner is incarcerated, the "prison mailbox rule" applies. Under that rule, the Petition is deemed filed on the date that it was signed. *See Houston v. Lack*, 487 U.S. 266, 275–76 (1988). The certificate of service signed by the Petitioner states that date was May 28, 2014, so that is the date used by the court.

appointed to represent the Petitioner at his initial appearance on January 25, 2012. (Doc. 1 at 2; doc. 3 at 1). The Government then filed a superseding indictment, and the Petitioner retained his own counsel, John M. Mastin. (Doc. 1 at 2; doc. 3 at 1-2). During a Change of Plea Hearing on April 11, 2012, the Petitioner pled guilty (doc 1 at 2) to Conspiracy to Distribute and Possession with Intent to Distribute 50 Grams or More of Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and Possession with Intent to Distribute 500 Grams or More of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1). (Doc. 3 at 1-2, citing doc. 80 in 4:11-CR-470-VEH-HGD).

The Petitioner's sentencing hearing was held on October 31, 2012; he was sentenced to a term of imprisonment of 168 months to be served concurrently (doc. 1 at 2), followed by a term of supervised release of 60 months. (Doc. 3 at 2, citing doc. 164 in 4:11-CR-470-VEH-HGD). The judgment of conviction was signed on October 31, 2012 (doc. 3 at 2, citing doc. 164 in 4:11-CR-470-VEH-HGD), and the Petitioner did not take a direct appeal. (Doc. 1 at 2; doc. 3 at 2, citing doc. 164 in 4:11-CR-470-VEH-HGD). This court also issued an order of Restitution and Forfeiture on July 29, 2013. (Doc. 1 at 2; doc. 3 at 2 [omitting date of forfeiture order], citing doc. 164 in 4:11-CR-470-VEH-HGD).

The Petition was filed on May 28, 2014. (Doc. 1; see footnote 1, *supra*,

explaining the "mailbox rule.")

## II. THE PARTIES' POSITIONS

The Petitioner asserts five grounds in his Petition. (Doc. 1, *passim*.). The Government responds that the Petition is barred by the one-year statute of limitations applicable to relief sought under 28 U.S.C. § 2255. (Doc. 3). Because the Petitioner asserted that the new rule asserted in *Alleyne v. United States*, 133 S.Ct. 2151 (2013) applies to him, the Government argues that *Alleyne* is a procedural rule that is not generally retroactively applicable to collaterally attack cases that are final. (*Id*. at 4, citing *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060 (1989)). The Government further argues that *Alleyne* falls within this general non-retroactivity principal because *Alleyne* is not a "watershed" rule implicating "the fundamental fairness and accuracy of the criminal proceeding." (*Id*., quoting *Saffle v. Parks*, 494 U.S. 484, 495, 110 S. Ct. 1257, 1264 (1990)). The Government further argues that *Alleyne* is procedural rather than substantive because, "unlike a substantive rule, which 'alters the range of conduct or the class of persons that the law punishes, *Alleyne*'s holding 'regulate[s] only the manner of determining the defendant's culpability.' " (*Id*. at 5, quoting *Schriro v. Summerlin*, 542 U.S. 348, 353, 124 S. Ct. 2519, 2523 (2004)). Petitioner responds solely by reasserting his argument (made as one of the grounds asserting in his Petition) that his counsel was

3

constitutionally ineffective "during the proceeding of his colloquy plea agreement and at sentencing." (Doc. 5 at 1).

### III. ANALYSIS

For the reasons set out below, the undersigned agrees that the Petition is barred as untimely.

### A. The Statute of Limitations

A § 2255 motion is subject to a one-year statute of limitations that runs from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner does not dispute, and the court finds, that the judgment of conviction was entered on October 31, 2012. Neither Petitioner nor the Government filed a notice of appeal. Petitioner's time to file a notice of appeal thus expired on

November 14, 2012. Accordingly, to the extent that Petitioner's claims are subject to the limitations period trigger of § 2255(f)(1), based upon when his conviction became final, those claims are time-barred on their face. Specifically, where, as here, a defendant is convicted in federal court and he fails to pursue any direct appeal, his conviction is considered "final" for purposes of § 2255(f)(1) when the 14–day period to have filed a timely notice of appeal lapses. *Akins v. United States*, 204 F.3d 1086, 1089 n. 1 (11th Cir.2000); *see also* Rule 4(b)(1)(A), FED. R. APP. P.[2] Petitioner's conviction became final on November 14, 2012. The limitations period of § 2255(f) then expired one year later, on November 14, 2013. However, even giving Petitioner the benefit of the "prison mailbox rule," his pro se § 2255 motion was filed on May 28, 2014, the date that it was signed. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir.2001). As such, Defendant's § 2255 motion comes over eighteen months too late. Petitioner has not disputed any of this in his reply to this court's order to show cause why the case should not be dismissed. (Order, doc. 4).

Although Petitioner wholly fails to discuss the lack of timeliness of his

---

[2] FED. R. APP. P. 4(b)(1)(A) provides:
(A) In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of:
    (i) the entry of either the judgment or the order being appealed; or
    (ii) the filing of the government's notice of appeal.

Petition in his reply, the court recognizes that he is proceeding pro se. Accordingly, because Petitioner raised *Alleyne* in his initial filing, the court will discuss here why *Alleyne* does not excuse the lateness of the Petition.

### B. *Alleyne* Is Not Retroactively Applicable on Collateral Review

*Alleyne* was decided by the Supreme Court June 17, 2013, which is less than one year prior to the filing date of the pending Petition. Accordingly, if *Alleyne* is retroactively applicable to cases on collateral review, then the Petition is timely under § 2255(f)(3). *See Dodd v. United States*, 545 U.S. 353, 357 (2005). However, under binding Eleventh Circuit authority, *Alleyne* is not retroactively available to cases on collateral review. Thus, the Petition is time-barred.

In *Jeanty v. Warden*, *FCI-Miami*, 757 F.3d 1283 (11th Cir. 2014), the Eleventh Circuit held that *Alleyne* is not retroactively available to cases on collateral review. That court explained its result as follows:

> First, neither *Alleyne* itself nor any later Supreme Court decision holds that *Alleyne* is retroactive. *See United States v. Harris*, 741 F.3d 1245, 1250 n. 3 (11th Cir.2014). Second, the *Alleyne* Court explained that its holding was an application of the rule established in *Apprendi v. New Jersey*, *see Alleyne*, 133 S.Ct. at 2163 (applying *Apprendi*, 530 U.S. 466, 120 S.Ct. 2348 (2000)), and we have repeatedly held that *Apprendi*'s rule does not apply retroactively on collateral review. *See, e.g., Dohrmann v. United States*, 442 F.3d 1279, 1281–82 (11th Cir.2006) (holding that *Apprendi* does not retroactively apply to § 2241 petitions); *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir.2001) (holding that *Apprendi* does not retroactively apply to §

> 2255 motions). If *Apprendi*'s rule is not retroactive on collateral review, then neither is a decision applying its rule. *See, In re Anderson*, 396 F.3d 1336, 1340 (11th Cir.2005) (explaining that decisions "based on an extension of *Apprendi*" are not retroactive); *1286 *see also, Simpson v. United States*, 721 F.3d 875, 876 (7th Cir.2013) (concluding that *Alleyne* is not retroactive because *Apprendi* is not retroactive).

*Id*. at 1285-86.

## IV. A Certificate of Appealability Is Not Warranted

Pursuant to Rule 11(a) of the Rules Governing §2255 Proceedings, the undersigned finds that no certificate of appealability is warranted in this case. 28 U.S.C.foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U .S.C.§ 2253(c)(2). Where a habeas petition is being denied on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). None of Petitioner's claims would warrant the issuance of a Certificate of Appealability. As previously established, the Petition is statutorily time-barred and, under binding Eleventh Circuit authority, such time-bar is not saved by *Alleyne*. Thus, a reasonable jurist could not conclude that this Court is in error in invoking that procedural bar with respect to the Petition. *See Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

## V. CONCLUSION

Under the binding authority of *Jeanty v. Warden*, *FCI-Miami*, the Petition is due to be denied as time-barred under 28 U.S.C. § 2255, this action dismissed, and final judgment entered in favor of the Respondent and against the Petitioner. An appropriate final judgment order will be entered. In addition, the undersigned finds that Petitioner is not entitled to issuance of a Certificate of Appealability.

**DONE** this 8th day of March, 2016.

**VIRGINIA EMERSON HOPKINS**
United States District Judge